IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| Loren Longie, ) | | |
| ) | **ORDER FOR JUDGMENT AND** | |
| Petitioner, ) | **JUDGMENT DISMISSING PETITION** | |
| ) | | |
| vs. ) | | |
| ) | Civil File No. 2:08-cv-6 | |
| United States of America, ) | | |
| ) | | |
| Defendant. ) | | |
| ) | | |
| United States of America, ) | | |
| ) | | |
| Plaintiff, ) | Crim. File No. 2:05-cr-90 | |
| ) | | |
| vs. ) | | |
| ) | | |
| Loren Longie, ) | | |
| ) | | |
| Defendant. ) | | |

Before the Court is a petition filed under 28 U.S.C. § 2255 by Defendant Loren Longie, requesting vacation of his sentence (Doc. #48) and equitable tolling of the time limitation to file such a motion (Doc. #52). Mr. Longie filed an affidavit in support of his petition (Doc. #50). Counsel was appointed and the United States was directed to respond. The United States has filed two briefs in opposition to the petition, with a supporting affidavit (Docs. #56 and 62). Longie's counsel filed a brief in support of the petition (Doc. #60).

Mr. Longie was convicted by jury verdict of involuntary manslaughter, in violation of 18 U.S.C. §§ 1112 and 1153. On December 22, 2005, he was sentenced to 72-months imprisonment. He has persisted in his legal innocence throughout these proceedings.

A petition for review under 28 U.S.C. § 2255 is subject to a 1-year period of limitation.

The limitation period runs from the latest of:

>1) the date on which the judgment of conviction becomes final;

>2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

>3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Here, there are no allegations that indicate 2), 3), or 4) are applicable. Furthermore, Mr. Longie acknowledges that his January 7, 2008 petition was filed well in excess of one year from January 9, 2006, the date on which his conviction became "final." However, Mr. Longie alleges that from the date of his conviction until approximately October 26, 2007, he had been misled by defense counsel into believing an appeal was pending before the Eighth Circuit Court of Appeals.

Equitable tolling may apply to a § 2255 petition where "extraordinary circumstances" beyond a prisoner's control prevent timely filing. United States v. Martin, 408 F.3d 1089, 1093 (8th Cir. 2005). Though ineffective assistance of counsel has not generally been considered an extraordinary circumstance, serious attorney misconduct could warrant equitable tolling. Id.

The Court has previously noted that Mr. Longie's affidavit is ambiguous, stating that "Mr. Rosenquist misled me into believing that I had an appeal pending in the Eighth Circuit," but then stating consistently that he was "under the impression," or had assumed, that a Notice of

Appeal would be filed. Mr. Rosenquist's affidavit clearly states that Longie made no such request.

An "extraordinary circumstance" must be present in order for equitable tolling to apply. Martin, 408 F.3d at 1093; E.J.R.E. v. United States, 453 F.3d 1094, 1098 (8th Cir. 2006). Furthermore, it must be clear that a defendant "diligently pursued" his right to appeal. Id.

It is clear that no "extraordinary circumstance" beyond Longie's control prevented timely filing. Longie's petition and affidavit fail to state that he clearly requested his right to appeal and had reason to believe a notice had been filed. Longie's deliberately ambiguous choice of words – "caused me to believe" and "under the impression" – make clear to the Court that no unequivocal request was ever made.

Moreover, Longie has failed to establish that he "diligently pursued" his right to appeal or seek post-conviction relief. He does not indicate he made any inquiries with Mr. Rosenquist or the Court about his appeal until almost two years after his sentencing hearing, on October 26, 2007. Even at that time, Longie did not immediately file his §2255 petition. Instead, several weeks later, he requested the § 2255 packet. Over one month later, he filed the actual petition. These actions simply do not constitute the diligent pursuit of any right.

Longie is not entitled to the equitable tolling of the § 2255 time limitation. Therefore, his petition is untimely filed and is hereby **DISMISSED** with prejudice. In addition, the Court certifies that an appeal from the denial of this motion may not be taken in forma pauperis because such an appeal would be frivolous and cannot be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). Dismissal of this motion is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further

proceedings.  Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983).  Therefore, a certificate of appealability will not be issued by this Court.

**IT IS SO ORDERED AND ADJUDGED** that this petition is dismissed in its entirety.

Dated this 18th day of September, 2008.

*/s/     Ralph R. Erickson*
Ralph R. Erickson, District Judge
United States District Court